**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL AURELIO MARTINEZ COVARRUBIAS,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No.    18-72847<br><br>Agency No. A027-618-090<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Manuel Aurelio Martinez Covarrubias, a native and citizen of Mexico,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

deferral of removal under the Convention Against Torture ("CAT"). We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's denial of Martinez Covarrubias's CAT claim because he did not establish that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See id.* at 1033-35 (concluding that petitioner did not establish the necessary state action for CAT relief); *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture speculative); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in Mexico was not particular to the petitioner and insufficient to establish eligibility for CAT relief).

Martinez Covarrubias's contentions that the agency violated his due process rights or that the IJ was biased are unpersuasive. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**